**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID RUBINO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GENUARDI'S INC., et al. | : | NO. 10-6078 |

## MEMORANDUM RE: MOTION TO REMAND

**Baylson, J.**                                              **January 31, 2011**

### I.    Introduction

Plaintiff David Rubino, a Pennsylvania citizen, filed this premises liability civil action in the Court of Common Pleas of Philadelphia County, seeking to recover damages for injuries he allegedly suffered as a result of a "slip and fall" accident in a supermarket aisle.  Plaintiff named as Defendants Genuardi's Inc., Genuardi's Family Markets, Safeway, Inc., and store manager Joanne Baverle (collectively, "Defendants").  After the state court denied and dismissed with prejudice the claims against Defendant Baverle, a Pennsylvania citizen, the remaining Defendants removed this action to federal court on the basis of diversity jurisdiction.  Currently before the Court is Plaintiff's Motion to Remand, on the ground that removal was untimely because Defendants could have removed earlier in the litigation pursuant to the doctrine of fraudulent joinder.  (ECF No. 3).  The Court holds that removal was not untimely.  However, the Court will grant the motion to remand because removal subsequent to the state court dismissal of the non-diverse defendant is available only when the non-diverse defendant is dropped pursuant to voluntary action by the plaintiff; this is known as the voluntary-involuntary rule.

### II.    Factual and Procedural Background

1

Plaintiff alleges that on July 29, 2009, he slipped and fell on a wet floor near a leaking refrigeration/freezer unit in the Genuardi's supermarket located at 1055 Bustleton Pike, Feasterville, Pennsylvania. Compl. ¶¶ 9-11 (ECF No. 1, Ex. A). As a result, Plaintiff suffered serious and possibly permanent physical injuries to his neck, trapezius, back, groin, and leg, severe shock, inability to work, and significant past and prospective financial loss due to the cost of treating these injuries. Compl. ¶¶ 14-19. Plaintiff asserts that his injuries resulted from Defendants' negligence, including their failure to maintain the store premises in a safe and reasonable condition, and failure to warn customers of the hazard. Compl. ¶¶ 13-14. Plaintiff's Complaint seeks recovery in excess of the compulsory arbitration limits.[1] Compl. ¶ 19.

Plaintiff, a Pennsylvania resident, filed the Complaint in state court on July 8, 2010 against Genuardi's Inc., Genuardi's Family Markets, Safeway, Inc., and Baverle, who was the manager of the store in which the incident occurred and a Pennsylvania resident. Compl. ¶¶ 1-4. Defendants were served on July 21, 2010. (ECF No. 3, Ex. B). On October 13, 2010, the Court of Common Pleas granted the Defendants' Preliminary Objections, and denied and dismissed with prejudice all claims against Defendant Baverle. (ECF No. 1, Ex. C).

On November 5, 2010, less than thirty days after the dismissal of the claims against Defendant Baverle, Defendants filed a Notice of Removal in this Court pursuant to 28 U.S.C. § 1441. (ECF No. 1). Defendants removed the case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Notice of Removal ¶ 6. Defendants averred that Safeway Inc. is a Delaware corporation with its principal place of business located in California,

---

[1] Cases filed in the Court of Common Pleas of Philadelphia County with an amount in controversy of $50,000 or less, exclusive of interests and costs, are subject to compulsory arbitration. 42 Pa. Const. Stat. § 7361; Phila. Civ. R. 1301.

and Genuardi's Family Markets, L.P., the properly titled corporate entity, is a partnership comprised of partners who are not Pennsylvania citizens.[2]  Notice of Removal ¶ 5.  Defendants further averred that by way of information and belief, Plaintiff seeks to recover an amount in excess of $75,000.  Notice of Removal ¶ 3.

On November 19, 2010, Plaintiff moved to remand the action pursuant to 28 U.S.C. § 1447.

## III.    The Parties' Contentions

In a creative argument, Plaintiff contends that removal was untimely as a result of his own improper or fraudulent pleading.  Plaintiff asserts that Defendants knew or should have known when they were served with the Complaint that Defendant Baverle was not involved with the underlying incident at Genuardi's.  Pl.'s Mot. Remand ¶¶ 12-13.  If Defendant Baverle, the only non-diverse defendant, was fraudulently joined, then the thirty-day window to file a notice of removal pursuant to 28 U.S.C. § 1446(b) began when the Defendants were served on July 21, 2010, and expired before the removal notice was filed on November 5, 2010.  Pl.'s Mot. Remand ¶¶ 6, 13-14; Pl.'s Mem. of Law in Support of Remand 1-2 (ECF No. 3-1).  Plaintiff, arguing that removal was untimely and that the case should be remanded, provides no Third Circuit case law in support of his position.[3]  Pl.'s Mot. Remand ¶¶ 10, 16; Pl.'s Mem. of Law in Support of Remand 1-2.

---

[2] Defendants state in the Notice of Removal that Genuardi's Family Markets, L.P. is the corporate entity that was incorrectly titled in the Complaint as Genuardi's Inc. and Genuardi's Family Markets.

[3] It is unclear why, despite a plethora of Third Circuit case law on removal and fraudulent joinder, Plaintiff's Memorandum of Law in Support of Remand cites only cases from the Eastern District of Texas and the Eastern District of Louisiana.

Defendants respond that they could not have met the heavy burden to establish fraudulent joinder and remove at an earlier stage of the litigation. Defs.' Resp. to Pl.'s Mot. Remand ¶¶ 11-12, 14; Defs.' Mem. of Law 3-5. Defendants contend that they timely filed the Notice of Removal within thirty days of when diversity jurisdiction first became apparent, after the state court denied and dismissed the claims against the non-diverse defendant. Defs.' Mem. of Law 5.

## IV. Legal Standard

### A. Motion for Remand

A defendant may remove a civil action filed in state court if the federal district court to which it is removed would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). After removal, the federal court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The Third Circuit strictly construes the removal statutes against removal and resolves all doubts in favor of remand. Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987). Thus, the defendant advocating removal bears the "heavy burden of persuasion" that federal subject matter jurisdiction is present. Id. at 1012 (citing B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)).

### B. Timeliness of Removal

To be timely, a defendant's notice of removal generally must be filed within thirty days after receiving the initial pleading or service of summons in the state court action. 28 U.S.C. § 1446(b). However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may

first be ascertained that the case is one which is or has become removable." Id. A case may not be removed on the basis of diversity jurisdiction more than one year after the action commenced. Id.

## V.     Discussion

### A.     Diversity Jurisdiction

Defendants removed this action on the basis of diversity jurisdiction. A federal district court may exercise diversity jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

A corporation is a citizen of both the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A natural person is a citizen of the state in which he is domiciled. Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) (citing Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008)). A partnership, as an unincorporated entity, is a citizen of every state in which its members are citizens. Id. (citing Swiger, 540 F.3d at 182). Complete diversity must exist between all plaintiffs and defendants to satisfy diversity jurisdiction. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). Removal is barred if any defendant is a citizen of the state in which the action is brought. Id. at 90 (citing 28 U.S.C. § 1441(b)).

The parties currently before the court have diversity of citizenship. Plaintiff is a citizen of Pennsylvania. Safeway Inc. is a citizen of Delaware and California. Genuardi's Family Markets, L.P. is a citizen of the states in which its partners are citizens, which Defendants did not specify but represented that Pennsylvania is not among them. However, Plaintiff contends that the action

could have been removed previously, before dismissal of the claims against Defendant Baverle, a Pennsylvania citizen, because of fraudulent joinder.

**B.     Fraudulent Joinder**

The doctrine of fraudulent joinder is an exception to the requirement of complete diversity as a prerequisite for defendants' removal of a case.  The diverse defendants in a state court action may remove the case if they "can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction."  In re Briscoe, 448 F.3d 201, 216 (3d Cir. 2006).  The court looks beyond the allegations in the complaint to assess whether a defendant was fraudulently joined.  Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985).  Removal is permitted where "'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'"  Id. at 32 (quoting Goldberg v. CPC Int'l Inc., 495 F. Supp. 233, 239 (N.D. Cal. 1980)).  However, "'[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.'"  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983)).

In Batoff v. State Farm Ins. Co., 977 F.2d 848 (3d Cir. 1992), the Third Circuit examined the removing defendant's heavy burden to establish fraudulent joinder.  Stephen Batoff, a psychologist and Pennsylvania citizen, brought suit in Pennsylvania state court against both State Farm, an Illinois citizen, for refusing to pay bills that Batoff submitted as the assignee of his patients' claims, and Dr. Leonard Paul, a State Farm-hired psychologist and Pennsylvania citizen,

for allegedly conspiring with State Farm.  Id. at 849-50.  State Farm removed the case to federal

court, asserting that Batoff had fraudulently joined Dr. Paul to avoid federal jurisdiction.  Id. at

850.  The district court denied Batoff's motion to remand to state court pursuant to 28 U.S.C. §

1447(c), finding that "the complaint fail[ed] to state a valid claim against Dr. Paul," and that

diversity existed between Batoff and the remaining defendant.  Id.  The Third Circuit reversed,

holding that the district court erred by applying the "more searching" standard of a motion to

dismiss under Fed. R. Civ. P. 12(b)(6), rather than the proper standard of whether the claims

were "wholly insubstantial and frivolous" so as to be fraudulent.  Id. at 852.  Because Batoff's

claims against the non-diverse defendant were not "wholly insubstantial and frivolous," joinder

of Dr. Paul was not fraudulent, and the federal court lacked jurisdiction over the case.  Id. at 853-

54 (remanding the case to the district court with instructions to remand to state court).

By contrast, the Third Circuit held that claims time-barred under state law are not

colorable in a fraudulent joinder analysis.  In In re Briscoe, 448 F.3d 201 (3d Cir. 2006), the

plaintiffs, citizens of Texas, filed suit in Texas state court against both Wyeth, a manufacturer of

diet drugs and a citizen of Delaware and New Jersey, and individual physicians, Texas citizens

who had prescribed diet drugs to plaintiffs.  Id. at 208-09.  Defendant Wyeth removed the case to

federal court, contending that the non-diverse physicians were fraudulently joined because

plaintiffs' claims against them were stale.  Id. at 209.  The Third Circuit held that because

plaintiffs' claims against the non-diverse defendants were barred as a matter of law by the statute

of limitations, joinder of the individual physicians was fraudulent.   Id. at 219-22 (denying

petition for a writ of mandamus to require remand).

Here, Plaintiff's claims against the store manager, Defendant Baverle, were not wholly

insubstantial or frivolous (despite Plaintiff's contention to the contrary in the present motion).
As Defendants point out, negligence claims against a store manager relating to a slip-and-fall
incident are colorable under Pennsylvania law.  See Beck v. Albertson's, Inc., No. Civ. A.
05-5064, 2005 WL 3111782, at *3 (E.D. Pa. Nov. 21, 2005) (Dubois, J.) (citing Myers v. Penn
Traffic Co., 606 A.2d 926, 928 (Pa. Super. Ct. 1992)) (discussing duty of care owed by store
owners and their agents to patrons).  In Beck, following removal of the plaintiffs' negligence
action by the defendant store in which the slip-and-fall occurred, the district court granted a
motion to remand because the "[d]efendants failed to sustain their heavy burden of demonstrating
that plaintiffs fraudulently joined" the non-diverse store manager.  Id. at *4.  Similarly, in Wilson
v. Acme Markets, Inc., No. Civ. A. 05-01586-JF, 2005 WL 1201000 (E.D. Pa. May 18, 2005)
(Fullam, J.), the district court granted the plaintiff's motion to remand a slip-and-fall negligence
action filed against a store and the non-diverse store manager.  Id. at *1.  Judge Fullam held that
remand was necessary because the "complaint undeniably allege[d] potentially valid claims
against the individual defendant," and thus the defendants had not proved that the store manager
was fraudulently joined to avoid diversity jurisdiction.  Id.

   The underlying facts in this case are analogous to the slip-and-fall incidents in Beck and
Wilson.  Plaintiff similarly filed a negligence action against the store in which he was injured and
the non-diverse store manager.  Plaintiff's claims were not stale or otherwise wholly insubstantial
or frivolous.  The Court agrees with Defendants that they could not have succeeded in meeting
the heavy burden of persuasion to establish fraudulent joinder and remove the case as stated in
the Complaint.  Therefore, when Defendants were served with the Complaint, the thirty-day
window in which to file a notice of removal was not triggered.  The Court rejects Plaintiff's

argument that the Notice of Removal was untimely for failure to file within thirty days of service.

### C. Voluntary-Involuntary Rule

Although untimeliness was the only argument in Plaintiff's motion for remand, our inquiry does not end there, because the Court must satisfy itself that it has subject matter jurisdiction over the action. See Liberty Mut. Ins. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995) (citing Steel Valley Auth., 809 F.2d at 1010) ("[T]he general rule that federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue sua sponte applies equally in removal cases."). Because Defendants removed the case following the state court order dismissing the claims against Defendant Baverle, we must address whether removal was permitted under the voluntary-involuntary rule.

Under the voluntary-involuntary rule, a case that is not initially removable cannot become removable except by a voluntary act of the plaintiff, such as amendment of the pleadings or voluntary dismissal of the non-diverse defendant. Great N. Ry. Co. v. Alexander, 246 U.S. 276, 281 (1918). This rule is in tension with Section 1446(b) as amended in 1949, which permits removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (emphasis added). An "order" is by definition an act of a court, rather than a voluntary act of a plaintiff.[4] However, a majority of courts continue to follow the case law that distinguishes between voluntary and

---

[4] An "order" is defined as: "1. A command, direction or instruction. . . 2. A written direction or command delivered by a court or judge." Black's Law Dictionary 1129 (8th ed. 2004).

involuntary dismissals for purposes of determining whether removal is proper.  See 14B C.

Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3723 (4th ed. 2010).

The Third Circuit has not ruled on the issue of whether the voluntary-involuntary rule still

applies.  In Greco v. Beccia, No. 99-CV-2136, 2001 WL 121887 (M.D. Pa. Feb. 13, 2001), Judge

Vanaskie noted that "every court of appeals to have considered the issue has concluded that the

'voluntary-involuntary' rule survived the 1949 amendment to the removal statute."  Id. at *3

(citing Poulos v. Naas Foods, Inc., 959 F.2d 69, 72 (7th Cir. 1992)).[5]  Review of the legislative

history supports the view that Congress did not intend to eliminate the rule.  Id.  (citing Weems v.

Louis Dreyfus Corp., 380 F.2d 545, 548 (5th Cir. 1967)).

The trend among the district courts in the Third Circuit, as illustrated by Greco, has been

to require dismissal of a non-diverse defendant by a voluntary act of the plaintiff as the basis for

removal.  In Greco, the court rejected the defendants' argument that the statutory language "order

or other paper" permitted removal of the action following receipt of the state judge's order

transferring the non-diverse defendants to another venue.  Id. at *3, 7-8 (explaining that "the case

became removable as the result of an involuntary change to plaintiffs' case by the state court").

---

[5] The Courts of Appeals that have ruled that the voluntary-involuntary rule is still
applicable are the Second Circuit, Quinn v. Aetna Life & Casualty Co., 616 F.2d 38, 40 n.2 (2d
Cir. 1980); Fifth Circuit, Weems v. Louis Dreyfus Corp., 380 F.2d 545 (5th Cir. 1967); Seventh
Circuit, Poulos, 959 F.2d at 72; Eighth Circuit, In re: Iowa Mfg. Co. of Cedar Rapids, 747 F.2d
462 (8th Cir. 1984) (per curiam); Ninth Circuit, Self v. General Motors Corp., 588 F.2d 655 (9th
Cir. 1978); Tenth Circuit, DeBry v. Transamerica Corp., 601 F.2d 480 (10th Cir. 1979); and
Eleventh Circuit, Insinga v. LaBella, 845 F.2d 249, 252 (11th Cir. 1988)).  Greco, 2001 WL
121887 at *3.  The Fourth Circuit has noted the trend in dicta but has not ruled on the issue.
Higgins v. E. I. Du Pont de Nemours & Co., 863 F.2d 1162, 1166 (4th Cir. 1988) (upholding the
entry of judgment by the district court where the plaintiff had not objected to removal following a
state court order severing the non-diverse defendants).

Similarly, in <u>Cook v. Pep Boys-Mannie, Moe & Jack, Inc.</u>, 641 F. Supp. 43 (E.D. Pa. 1985),

Judge Pollak rejected the argument that the plaintiffs' failure to oppose the motion for judgment

on the pleadings in state court was equivalent to a voluntary dismissal of the non-diverse

defendant that changed the removability status of the case. <u>Id.</u> at 46-47 (denying the motion to

remand on other grounds).

Courts within the Third Circuit discuss two proposed rationales for the voluntary-

involuntary rule. First, federal courts, as a matter of judicial economy, should not assume

jurisdiction in cases where the plaintiff can appeal the dismissal of non-diverse defendants in

state court. <u>Am. Dredging Co. v. Atl. Sea Con, Ltd.</u>, 637 F. Supp. 179, 182 (D.N.J. 1986)

(granting plaintiff's motion to remand following state court's order dismissing a non-diverse

defendant). Second, even where the plaintiff does not have the opportunity to appeal, courts

generally should defer to the plaintiff's forum choice. <u>Abels v. State Farm Fire & Cas. Co.</u>, 694

F. Supp. 140, 145 (W.D. Pa. 1988) (citing <u>Great N. Ry. Co.</u>, 246 U.S. at 282) (ordering remand

to state court because removal followed the "unquestionably involuntary" state court dismissal of

the non-diverse defendants, even though the dismissal was finalized on appeal).

A few courts have bucked the trend and rejected the voluntary-involuntary rule. For

example, in <u>Lyon v. Illinois Central Railroad Company</u>, 228 F. Supp. 810 (S.D. Miss. 1964), the

court held that removal of an action following a state court directed verdict that dismissed the

non-diverse defendant was permissible. <u>Id.</u> at 811 (overruling a motion to remand).[6] The <u>Lyon</u>

_____

[6] The Fifth Circuit repudiated <u>Lyon</u>, stating: "We are of the firm conviction, however, that
the view expressed in <u>Lyon</u> and applied by the court below in this case is clearly wrong. . . ."
<u>Weems</u>, 380 F.2d at 548.

court rejected the argument that it should read a Congressional intent into Section 1446 to uphold the voluntary-involuntary rule, which contradicted the plain language of the statute.  Id.  More recently, the Fifth Circuit has retreated from its full embrace of the rule, and permitted removal where the triggering act is a non-voluntary state court order.  See Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006) (denying motion to remand where removal followed a state court order that severed claims against the non-diverse defendants, even though plaintiffs had objected to entry of the order); accord Zea v. Avis Rent a Car Sys., 435 F. Supp. 2d 603, 607 (S.D. Tex. 2006) (denying motion to remand where case became removable following state court order granting defendants' motion to realign the parties, where the realignment created diversity).

Here, the Defendants removed this action after the Court of Common Pleas of Philadelphia County entered an order that denied and dismissed the claims against Defendant Baverle with prejudice.  This order was not a voluntary act by the plaintiff, but rather an act of the state court in response to the Defendants' filing of preliminary objections in that forum. Following the holdings of the Courts of Appeals decisions cited above, and the district courts within the Third Circuit, the Court holds that removal was improper because the non-diverse defendant was not dismissed by Plaintiff's voluntary act.

## VI.    Conclusion

For the above reasons, this Court will grant the motion to remand.  An appropriate Order follows.